UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAMANATHA FAGAN and <br> SABRINA M. FAGAN <br>    *Plaintiffs* <br><br> v. <br><br> UBER TECHNOLOGIES, INC. and <br> JESSICA L. CHIPMAN <br>    *Defendants* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Uber Technologies, Inc. ("Uber" or "Defendant") hereby give notice of the removal of this action, which is currently pending in the Superior Court of Massachusetts in Norfolk County, captioned *Fagan, Sabrina et al vs. Chipman, Jessica et al.,* Civil Docket No. 2282CV00327, to the United States District Court for the District of Massachusetts. As grounds for removal, Defendant states as follows:

1. Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

**BACKGROUND**

2. On or about April 8, 2022, Plaintiffs Samantha Fagan and Sabrina M. Fagan ("Plaintiffs") filed a complaint ("Complaint") in the Massachusetts Superior Court for Norfolk County naming Uber as a defendant, among others. Plaintiffs' Complaint is attached hereto as **Exhibit A**.

3. Plaintiffs allege in their Complaint that they sustained injuries on June 21, 2019, when the motor vehicle being operated by defendant Jessica L. Chipman ("Chipman"), who Plaintiffs allege was an agent or employee of the Defendant, struck and hit the Plaintiffs as they were walking across the street. *Id*., p. 6.

4. Plaintiffs alleges that they suffered bodily injury and asserts negligence and negligent hiring, training, supervision, and management against Defendant.

**TIMELINESS OF REMOVAL**

5. Defendant was served with Plaintiff's Complaint on or about May 4, 2022.

6. This Notice of Removal is timely because it is filed within 30 days after the receipt by Defendant, through service or otherwise, a copy of Plaintiff's Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

**DIVERSITY OF CITIZENSHIP**

7. Complete diversity of citizenship exists in this matter because Defendants are citizens of different States from Plaintiff. *See* 28 U.S.C. § 1332(a).

8. Plaintiffs allege that they are individuals, each residing in North Scituate, Rhode Island. Thus, for the purpose of determining whether diversity jurisdiction exists, Plaintiffs are citizens of Rhode Island.

9. At the time of the filing of the Complaint, Uber was, and currently is, a corporation formed under the laws of Delaware with its principal place of business in California. Thus, for the purpose of determining whether diversity jurisdiction exists, Uber is a citizen of Delaware and California.

11. Plaintiff alleges that the defendant Chipman resides in the Commonwealth of Massachusetts. However, upon information and belief, Chipman has not been served. Pursuant to § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined *and* served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2) (emphasis added). But the statute "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under § 1441(a) so long as a federal district court can assume jurisdiction over the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-707 (2d Cir. 2019); s*ee also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (plain meaning of the statute precludes removal only when the defendant has been properly joined and served). As such, "[i]f a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013).

12. There is complete diversity between Plaintiffs and Defendant, who have been properly joined and served, because Plaintiffs and Defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

**AMOUNT IN CONTROVERSY**

12. Based on Plaintiffs' allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

13. According to their Complaint, Plaintiffs "suffered substantial injuries including physical and emotional injuries, pain and suffering, lost work, property damage, permanent scarring, and other injuries."

14. Plaintiffs' Civil Action Cover Sheet contains detailed itemizations of Plaintiff's claimed damages in excess of $80,000. Specifically, Plaintiff's medical expenses are allegedly in excess of $78,000 and their lost wages are allegedly in excess of $4,000. Thus, it is apparent from the Complaint and the Civil Action Cover Sheet that Plaintiffs' alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

15. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

16. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches all process, pleadings and orders that have been filed, served or received by Defendants in this action as **Exhibit B**.

17. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court for the Commonwealth of Massachusetts, Norfolk County.

18. Defendant will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court for Norfolk County, as required by 28 U.S.C. § 1446(d).

19.     In removing this action, Defendant does not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

20.     Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Uber Technologies, Inc. respectfully requests that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed from state court.

Respectfully submitted by,
Defendant
UBER TECHNOLOGIES, INC.
By their attorneys,

*/s/ Andro S. Hannoush*

_____
Christopher G. Betke, BBO# 552588
Andro S. Hannoush, BBO# 706657
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617)988-8050
cbetke@coughlinbetke.com
ahannoush@coughlinbetke.com

Dated: May 11, 2022

**CERTIFICATE OF SERVICE**

      I, Andro S. Hannoush, hereby certify that on May 11, 2022, the foregoing Notice of Removal was filed electronically and served by electronic mail upon the parties listed below. Notice of the filing will be sent by email to all by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's ECF system.

Jonathan D Plaut, Esq.
Cohan Rasnick Plaut LLP
One State Street, 12th Floor
Boston, MA  02109
(617) 451-3200
jdplaut@crmllp.com

Fred T. Polacek, Esq.
245 Waterman Street, Suite 111
Providence, RI 02906
(401) 861-5662
fred@fredpolaceklaw.com

                                        */s/ Andro S. Hannoush*
                                        Andro S. Hannoush, Esq.